SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
CHARLES L. KREINDLER, Cal. Bar No. 119933
ckreindler@sheppardmullin.com
GREGORY P. BARBEE, Cal. Bar No. 185156
gbarbee@sheppardmullin.com
KRISTA L. LANDIS, Cal. Bar No. 348262
klandis@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for Plaintiffs,
Edwards Lifesciences Corporation
and Edwards Lifesciences LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Edwards Lifesciences Corporation, a Delaware Corporation; Edwards Lifesciences LLC, a Delaware Limited Liability Company,<br><br>    Plaintiffs,<br><br>  v.<br><br>Maximilien Launey, an Individual,<br><br>    Defendant. | Case No.: 23-CV-304<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>  **(1) MISAPPROPRIATION OF TRADE SECRETS; 18 U.S. Code § 1836, ET SEQ.;**<br><br>  **(2) MISAPPROPRIATION OF TRADE SECRETS ;CAL. CIV. CODE § 3426, ET SEQ.;**<br><br>  **(3) BREACH OF CONTRACT;**<br><br>  **(4) BREACH OF THE DUTY OF LOYALTY;**<br><br>  **(5) VIOLATION OF CAL. PENAL CODE § 496(c)**<br><br>**JURY TRIAL DEMANDED.** |

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................ 4

THE PARTIES ........................................................................................................... 5

JURISDICTION AND VENUE ................................................................................. 5

FACTUAL ALLEGATIONS ..................................................................................... 6

    Launey's Employment Agreement and Confidential Information Provision ........................................................................................................... 7

    Edwards' Trade Secrets and Reasonable Efforts to Protect Them ......... 9

    Launey's Misappropriation of Edwards' Trade Secrets and Breach of Agreement with Edwards ............................................................. 10

FIRST CAUSE OF ACTION MISAPPROPRIATION OF TRADE SECRETS 18 U.S.C. § 1836 ............................................................................................... 12

SECOND CAUSE OF ACTION MISAPPROPRIATION OF TRADE SECRETS CAL. CIV. CODE § 3426, ET SEQ. ................................................ 14

THIRD CAUSE OF ACTION BREACH OF CONTRACT .................................... 15

FOURTH CAUSE OF ACTION BREACH OF DUTY OF LOYALTY ................. 16

FIFTH CAUSE OF ACTION VIOLATION OF CAL. PENAL CODE § 496 ......... 17

PRAYER FOR RELIEF ........................................................................................... 18

# TABLE OF AUTHORITIES

Page(s)

Statutes

18 U.S.C. § 1836 .......................................................................................................... 11

28 U.S.C. § 1331 ............................................................................................................ 5

28 U.S.C. § 1367 ............................................................................................................ 5

28 U.S.C. §§ 1391 and 1400 .......................................................................................... 6

California Civil Code § 496 ......................................................................................... 15

California Penal Code § 496(c) ..................................................................................... 4

California Civil Code § 3426, *et seq.* ..................................................................... 4, 12

California Civil Code § 3426.3(c) ............................................................................... 16

California Civil Code § 3426.4 .................................................................................... 16

U.S. Code § 1836, *et seq.* ............................................................................................. 4

Other Authorities

Defend Trade Secrets Act of 2006 ("DTSA") ............................................................... 4

Plaintiffs Edwards Lifesciences Corporation and Edwards Lifesciences LLC ("Plaintiffs" or "Edwards") by and through their attorneys, Sheppard, Mullin, Richter & Hampton LLP, as and for their Complaint against Defendant MAXIMILIEN LAUNEY ("Defendant" or "Launey") allege as follows:

## PRELIMINARY STATEMENT

1. This is a lawsuit by Edwards against Defendant for violations of The Defend Trade Secrets Act of 2006 ("DTSA"), 18 U.S.C. § 1836, *et seq*.; trade secrets misappropriation under Cal. Civ. Code § 3426, *et seq*; breach of contract under California law; breach of duty of loyalty under California law; and violation of California Penal Code § 496(c).

2. Edwards is a global leader in the design and production of artificial heart valves. Edwards goes to significant lengths to protect the intellectual property it creates when developing its products. Edwards takes precautions to maintain the confidentiality of its intellectual property. These measures include maintaining physical security of its facilities, cybersecurity, and surveillance of its digital workspaces. Perhaps most importantly, Edwards contractually requires its employees to maintain the secrecy of its confidential information.

3. Defendant Launey was employed by Edwards Lifesciences LLC as a Senior Materials Engineer at Plaintiffs' Irvine, California headquarters. In that capacity, Launey conducted research on cutting-edge materials, specifically Nitinol, for use in Edwards' medical devices, managed a team of engineers, and conducted internal training. Launey's role gave him access to confidential, proprietary, and trade secret designs for products and components, as well as information for training and facility design.

4. On September 9, 2022, after working at Edwards for approximately 1 year and 7 months, Launey submitted his resignation. He stated that his last day of work for Edwards would be September 23, 2022. On September 15, 2022, he emailed a large amount of proprietary and confidential data that included some of

1  Edwards' most tightly held trade secrets to his personal email account, despite
2  having signed an employee agreement forbidding this sort of activity. On or about
3  September 25, 2023, Launey signed and delivered to Edwards a document in which
4  he lied, stating that he took no such information.

5      5.    By this action, Edwards seeks monetary and injunctive relief from
6  Launey's misappropriation of its proprietary and confidential documents and data,
7  including trade secret materials. Launey improperly acquired such information from
8  Edwards' computer systems in violation of law and his agreement not to do so.
9  Launey lied to Edwards about acquiring such information and has not returned
10 Edwards' trade secret materials or refrained from further misappropriation of the
11 same data. Mr. Launey continues to possess and control Edwards' trade secrets
12 without Edwards' authorization or consent.

## THE PARTIES

14     6.    Plaintiff Edwards Lifesciences Corporation is a corporation organized
15 and existing under the laws of the State of Delaware, with its principal place of
16 business at One Edwards Way, Irvine, California 92614.

17     7.    Plaintiff Edwards Lifesciences LLC is a limited liability company
18 organized and existing under the laws of the State of Delaware, with its principal
19 place of business at One Edwards Way, Irvine, California 92614.

20     8.    Defendant Maximilien Launey is an individual former employee of
21 Edwards, who worked for the company in Irvine, California. Edwards is informed
22 and believes that Launey currently resides in Pasadena, California, within Los
23 Angeles County.

## JURISDICTION AND VENUE

25     9.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331,
26 as this action arises under the laws of the United States.
27     10.    This Court also has supplemental subject matter jurisdiction over
28 Plaintiffs' pendant California state law claims under 28 U.S.C. § 1367, because

1  those claims arise from the same nucleus of facts and form part of the same case or
2  controversy as Plaintiffs' federal misappropriation of trade secret claim.

3       11.    This Court has personal jurisdiction over Defendant Maximilien
4  Launey because he is at home in California, and particularly the Central District of
5  California. Edwards is informed and believes that Defendant resides in Pasadena,
6  California, within the Central District of California.

7       12.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391
8  and 1400. Launey resides in this district and a substantial part of the events giving
9  rise to this action occurred in the Central District of California.

## FACTUAL ALLEGATIONS

11      13.    Edwards is one of the leading suppliers of innovative products and
12 technologies to treat heart disease and structural vascular disease. Edwards' origins
13 date back to 1958, when Miles "Lowell" Edwards founded the company and began
14 to develop the first commercially available artificial heart valve, which could be
15 implanted by surgery. With over 17,000 employees worldwide, Edwards and its
16 subsidiaries develop and market medical devices in more than 100 countries. As a
17 business whose lifeblood is innovation, Edwards devotes more than 16% of its
18 revenues to research and development.

19      14.    Edwards' many inventions in the treatment of heart disease have made
20 it a global leader in the design of artificial heart valves.

21      15.    Edwards takes significant precautions to protect its confidential
22 information from disclosure. These precautions include physical security of its
23 facilities, cybersecurity measures, and surveillance of its digital workspaces.

24      16.    In addition, Edwards requires its employees to sign employment
25 agreements that require them to maintain the confidentiality of Edwards'
26 confidential information.

27      17.    Theft of confidential information is, and has been, one of the biggest
28 threats to Edwards' business.

**Launey's Employment Agreement and Confidential Information Provision**

18.   On January 26, 2021, Launey signed his Employment Agreement for his position as a Senior Materials Engineer at Edwards.  A copy of the agreement is attached as **Exhibit A.**  He began working at the Irvine campus shortly thereafter.

19.   As part of his onboarding process, Launey reviewed his Employment Agreement and the Edwards Employee Handbook.  Both documents explain the priority Edwards places on protection of its trade secrets and provide employees strict procedures to follow to ensure no confidential information is endangered.

20.   Section 2 of the Employment Agreement, titled "Protection of Confidential Information and Fair Competition," defines "Confidential Information" as "information to the present or planned business of Edwards which has not been released publicly… including but not limited to, Trade Secrets." It also defines "Trade Secrets" for the employee reviewing the document.

21.   Section 2.2 of the Employment Agreement, titled "Protection of Confidential Information," contains further instructions for the safeguarding of Plaintiffs' information. In this section, Launey acknowledged and agreed that (a) all confidential information remains the exclusive property of Edwards, (b) he was not authorized to publish or disclose any confidential information, and (c) he agreed not to use any information for his personal benefit or to compete with Edwards.  In Section 2.2.4, Launey agreed that upon termination of employment with Edwards, "the employee shall immediately deliver all property and items owned by Edwards and all documents and material … containing any Confidential Information."  If the employee maintained any Confidential Information on other computers, the employee must inform Edwards and cooperate in arranging the deletion of said information.  Launey also agreed that "[u]pon Edwards' request, the Employee shall reaffirm in writing his/her recognition of the importance of protecting and maintaining the confidentiality of the Confidential Information and shall reaffirm all of the obligations set further in this Agreement regarding such information."

22. Launey further agreed that "a remedy at law for any violation or threatened violation thereof would be inadequate," and that Edwards "shall be entitled to temporary and permanent injunctive relief or other equitable relief to prevent such harm, without the need for bond," in addition to any other relevant remedies.

23. Plaintiffs' Employee Handbook further explains the expectations for employees to protect Edwards confidential and trade secret information in its Technology Use section. The Technology Use section is attached hereto as **Exhibit B.** It states that "Employees may not use Technology Resources to disclose the Company's confidential, proprietary, or trade secret information." Employees also may not use technology resources "for any purpose that is competitive, either directly, or indirectly, to the interests of" Edwards. It states that Edwards maintains its right to monitor compliance with its terms for technology use and employees should not maintain any expectation of privacy on Edwards technology. Employees who violate any aspect of the Technology Use policy or who demonstrate poor judgment while using technology resources will be subject to disciplinary action, up to and including termination.

24. On approximately September 25, 2022, after the termination of his employment, Launey signed and submitted to Edwards a "Certification and Acknowledgement of Ongoing Obligations to Edwards" (Ongoing Obligations). The signed Ongoing Obligations is attached hereto as **Exhibit C.** In this agreement, Launey acknowledged that the terms of his Employment Agreement continued to apply after his termination. With regards to confidential information, Launey acknowledged that agreement stated that:

> I agreed not to use Edwards' confidential information for my personal benefit, the benefit of a competing organization, or to engage in competition with Edwards. I acknowledge that confidential information includes, but is not

limited to: a) Product and pricing strategies; b) Business strategies; c) Product performance data; d) New product pipeline and research and development; e) Information regarding employees of Edwards; f) Key company and business unit objectives; g) Key alliances and partnerships; h) Physician relationships; i) Key vendors; and j) Educational and promotional programs.

25.  In the Ongoing Obligations, Launey checked a box to state that he had not "copied, saved, retained, disclosed, or transmitted in any form whatsoever, any confidential, proprietary or trade secret information, except in the course of performing my duties for Edwards and for Edwards' benefit."  Launey lied, as he had transmitted via email a vast amount of confidential Edwards material less than two weeks prior to the affirmation.

**Edwards' Trade Secrets and Reasonable Efforts to Protect Them**

26.  Edwards operates in a highly-competitive global marketplace.  Edwards invests significant resources in researching, developing and manufacturing heart valves that use cutting-edge technology to maintain a competitive edge.  The research and development at Edwards generates a large amount of confidential, proprietary and trade secret information.

27.  Edwards goes to significant lengths to protect this intellectual property.  These measures include maintaining physical security of its facilities, ensuring cybersecurity, and surveillance of its digital workspaces.  This surveillance includes retention efforts and data monitoring capable of viewing what emails employees send and receive on their Edwards devices.  And perhaps most importantly, Edwards contractually requires its employees to maintain the secrecy of its confidential information.

28.  At all times relevant to this Complaint, Plaintiffs employed reasonable measures to maintain the secrecy and security of their confidential information and trade secrets.  This information is so valuable to Edwards in large part due to the

efforts to keep it secret. Plaintiffs have invested significant time and expense in developing this confidential information. The confidential information would be highly valuable to a competitor because, among other reasons, it would allow a competitor to significantly shorten the research and development cycle and destroy Edwards' competitor advantage in the field.

**Launey's Misappropriation of Edwards' Trade Secrets and Breach of Agreement with Edwards**

29. On approximately September 9, 2022, Launey informed his supervisor Nitin Sharma and Jamie Gaffey in Human Resources that he was submitting his resignation. Launey told them that he was leaving for to accept a new position at a German materials company. He planned to stop working at Edwards in two weeks on September 23, 2022.

30. Launey's supervisors discussed whether they wanted to make a counteroffer in an attempt to retain Launey's expertise in the very narrow field of Nitinol research, but ultimately declined. When Launey's supervisors made that decision, they recommended that his last day be moved up to September 16, 2022 to prevent any potential theft of confidential information. Launey was not informed of this plan.

31. On September 15, 2022, Launey sent to his personal email account, maximilienlauney@gmail.com, many emails from his Edwards account. Seven of these emails directly attached Edwards documents, including Edwards' proprietary testing results, confidential training materials, and trade secret Edwards technical drawings.

32. On September 15, 2022, Launey also shared with himself a link to his entire Edwards OneDrive. His Edwards OneDrive was a cloud-based file storage area which contained nearly every file to which Launey had access, including some of Edwards' most closely held trade secret information. From the link he sent

himself on September 15, 2022, Launey could access, download or copy a vast amount of Edwards trade secrets to his personal computer.

33. The OneDrive that Launey shared to his personal account contained a vast number of documents covering a wide scope of Edwards protected confidential information and trade secrets. It included materials testing and results, drawings and designs for Edwards products and materials components, facility plans for new state-of-the-art research facilities and internal training program materials. It also had the plans and testing results for some of Edwards most important and secret products currently in development. The materials in this folder are extremely valuable and comprise the fruits of decades of labor from Edwards scientists and would give any competitor a significant advantage in the market.

34. Edwards did not authorize Launey to share the above-described information.

35. Edwards is informed and believes, and thereon alleges, that Launey attempted to avoid detection by Edwards when sharing this trade secret, proprietary, and/or confidential information with his personal account.

36. Launey lied about this activity one week later when he signed his Ongoing Obligations and certified that he had at no time transmitted confidential information belonging to Edwards to a personal device.

37. Launey has not since disclosed the above-described activity or made any attempt return any files to Edwards.

38. Accordingly, Edwards is informed and believes, and thereon alleges, that Launey is in unauthorized and unlawful possession of its trade secret, proprietary, and/or confidential information.

39. Further, Edwards is informed and believes, and thereon alleges, that Launey has the ability to exploit or publish its trade secret, proprietary, and/or confidential information to benefit himself and/or harm Edwards.

40. Launey's misappropriation and continuing unlawful possession of Edwards trade secret, proprietary, and/or confidential information are causing Edwards irreparable harm that cannot be adequately remedied by monetary damages.

41. In addition, as a direct and proximate result of Launey's misappropriation and continuing unlawful possession of Edwards' trade secret, proprietary, and/or confidential information, Edwards has incurred and continues to incur substantial monetary damages in an amount that exceeds this court's jurisdictional minimum, and has incurred and will incur attorney's fees and costs related to this lawsuit.

## FIRST CAUSE OF ACTION
## MISAPPROPRIATION OF TRADE SECRETS
### 18 U.S.C. § 1836

42. Plaintiffs incorporate by reference all preceding allegations of this complaint.

43. Plaintiffs are the owners and licensees of certain technical designs, prototypes, methods, techniques, processes, vendor information, and other information which Plaintiffs store in electronic and physical form.

44. These materials are not generally known or readily accessible to the public or to Plaintiffs' competitors.

45. These materials are trade secrets and Plaintiffs took reasonable measures to keep these materials secret, including without limitation, restricting access to this information and requiring employees with access to that information to use it only within the scope and course of employment and to enter into confidentiality agreements not to disclose the information for any other purpose.

46. The trade secret information misappropriated by Defendants has independent economic value by virtue of being a secret because, among other things, it contains proprietary information, including training information and

facility design toward the development of which Plaintiffs have extended significant resources. The misappropriated information also includes designs and materials information for some of Plaintiffs' most secret and protected products. The disclosure or use of this information to anyone else causes irreparable harm to Plaintiffs because it allows Plaintiffs' competitors to train researchers, conduct materials testing, and build devices without having to invest the significant time and resources necessary to obtain this information.

47. Defendant improperly acquired this trade secret material from Plaintiffs without authorization the day before he left employment with Plaintiffs. Launey transmitted to his personal email account Plaintiffs' product designs, technical specifications, materials testing results and internal training and facilities information, among other things, built over years of Plaintiffs' efforts to develop this information.

48. As a direct and proximate cause of Defendant's wrongful conduct, Plaintiffs have suffered and will continue to suffer financial loss, imminent and irreparable harm, loss of the confidentiality of its trade secrets, loss of good will, loss of business opportunities, and other continuing harm, in an amount to be proven at trial.

49. The losses and harm to Plaintiffs are ongoing and cannot be remedied by damages alone. Plaintiffs have no adequate remedy at law for sufficient compensation for the wrongs committed by Defendant. Accordingly, Plaintiffs are entitled to a temporary restraining order and permanent injunction enjoining Defendant from continuing to wrongfully use Plaintiff's confidential, proprietary, and trade secret information.

50. As a further direct and proximate result of Defendant's wrongful conduct, Defendant has been unjustly enriched in an amount to be proven at trial.

51. The above actions of Defendant were willful and justify an award of exemplary damages and attorneys' fees.

# SECOND CAUSE OF ACTION
# MISAPPROPRIATION OF TRADE SECRETS
### CAL. CIV. CODE § 3426, ET SEQ.

52. Edwards realleges and incorporates herein by this reference each and every allegation of each preceding paragraph as though specifically and fully set forth herein.

53. In the course of its business, Edwards has invested significant resources to develop confidential, trade secret information. This information includes, but is not limited to; technical drawings depicting the design of products in-development; test instructions and results, including detailed performance data related to products in-development; confidential training plans; quality control instructions; material specifications; and facility plans. Edwards is and at all relevant times has been the owner of this trade secret information.

54. Edwards derives independent economic value from its trade secret information as it enables Edwards to design and manufacture products at quality-levels and technical capabilities that Edwards competitors cannot meet. Edwards' trade secret information is not generally known to the public or to persons who can obtain economic value from its disclosure or use.

55. Edwards employs a variety of reasonable means to protect the secrecy of its trade secret information, including the physical security of its facilities, cybersecurity, surveillance of its digital workspaces, and contractual agreements with its employees.

56. On or about September 15, 2022, and continuing to the present, Launey misappropriated Edwards' trade secrets by transmitting them and other of Edwards' confidential and proprietary data to his personal email account in violation of his Employment Agreement and, thereafter, retaining possession and control of the information in violation of the Ongoing Obligations Agreement.

57. As a result of Mr. Launey's misappropriation of Edwards' trade secrets, Edwards has been harmed and Launey has been unjustly enriched in an amount to be determined according to proof at trial, but in no event less than the jurisdictional minimum of this court.

58. To the extent that Launey is permitted to continue to misappropriate Edwards' trade secrets, Edwards will be irreparably harmed and the economic damages to Edwards will be difficult, if not impossible, to quantify. Moreover, Launey will not be able to compensate Edwards for the loss of the financial and technological advantages it derives from maintaining the secrecy of its trade secret information. Accordingly, Edwards has no adequate remedy at law.

59. Edwards is informed and believes, and thereon alleges, that Launey engaged in the conduct alleged herein willfully and with malice toward Edwards. Therefore, Edwards is entitled to an award of exemplary damages against Launey, as well as its attorney's fees and costs incurred related to this lawsuit.

## THIRD CAUSE OF ACTION
## BREACH OF CONTRACT

60. Plaintiffs incorporate by reference all preceding allegations of this complaint.

61. Plaintiffs and Defendant entered into the Employment Agreement as a condition of Defendant's employment. This agreement prohibited the disclosure of Plaintiffs' confidential information, including trade secrets. In addition, the Employment Agreement prevented Defendant from using Plaintiffs' proprietary and confidential information for his own benefit, or the benefit of any third party, at any time, both during his employment with Plaintiffs or thereafter.

62. Plaintiffs have performed all duties and obligations it has in relation to the Employment Agreement, except for any duties and obligations which they were prevented or excused from performing.

63. Defendant has breached the Employment Agreement by disclosing and/or using Plaintiffs' proprietary and confidential information in a manner expressly prohibited by the Employment Agreement.

64. Upon leaving his employment, Defendant signed an acknowledgment of Ongoing Obligations to Plaintiff. This agreement included a provision prohibiting the disclosure of Plaintiff's confidential information and requiring Defendant to admit if any information had been transmitted. He affirmed he had not transmitted confidential information, which was false.

65. As a direct and proximate result of the breaches by Defendant, Plaintiffs have been damaged in an amount that will be shown according to proof at time of trial. Plaintiffs' damages include, but are not necessarily limited to, loss of customers, lost revenue and profits, and all costs incurred to remedy the improper use of Plaintiffs' proprietary and confidential information.

66. As a direct and proximate result of the breaches by Defendant, Plaintiffs have also suffered irreparable harm and will continue to suffer irreparable injury that cannot be adequately remedied at law unless Defendant is permanently enjoined from engaging in any further such acts.

## FOURTH CAUSE OF ACTION
## BREACH OF DUTY OF LOYALTY

67. Plaintiffs incorporate by reference all preceding allegations of this complaint.

68. As alleged herein, Plaintiffs employed Defendant. As an employee, and under the express terms of his Employment Agreement, Defendant owed a duty of loyalty to Plaintiffs while employed with them.

69. Defendant breached the duty of loyalty he owed to Plaintiffs by knowingly acting against Plaintiffs' interests by taking Plaintiffs' confidential, proprietary, and trade secret information for the purpose of using it outside the scope

of his employment with Plaintiffs. By doing so, Defendant knowingly acted for his own personal benefit and perhaps for the benefit of Plaintiffs' competitors.

70. Plaintiffs did not consent to Defendant's conduct.

71. At all relevant times, Defendant undertook the wrongful acts described herein, including his breaches of the duty of loyalty to Plaintiffs in bad faith.

72. As a direct and proximate result of the breaches of the duty of loyalty by Defendant, Defendant damaged Plaintiffs in an amount that will be shown according to proof at time of trial. The damages caused by Defendant include, but are not necessarily limited to, loss of customers, lost revenue and profits, and all costs incurred to remedy the improper use and destruction of Plaintiffs' proprietary and confidential information.

73. Defendant's above actions were willful, wanton, fraudulent, and malicious, and justify an award of exemplary and punitive damages.

74. As a direct and proximate result of the breach of the duty of loyalty by Defendant, Plaintiffs have also suffered irreparable harm and will continue to suffer irreparable injury that cannot be adequately remedied at law unless Defendant is permanently enjoined from engaging in any further such acts.

## FIFTH CAUSE OF ACTION
## VIOLATION OF CAL. PENAL CODE § 496

75. Plaintiffs incorporate by reference all preceding allegations of this complaint.

76. Plaintiffs owned, possessed, and had a right to possess their intellectual property containing trade secret information on its servers and computers.

77. Defendant received, withheld and concealed intellectual property that had been stolen, or obtained by theft from Plaintiffs.

78. Defendant knew that the intellectual property had been stolen from Plaintiffs.

79. Defendant has possessed controlled, and continues to possess and control the intellectual property stolen from Plaintiffs.

## **PRAYER FOR RELIEF**

Plaintiffs pray for:

1. A judgment in Plaintiffs' favor against Defendant on all causes of action;

2. A temporary restraining order, preliminary injunction, and permanent injunction restraining Defendant, and his agents, servants, employees, and all persons acting in concert or participation with him, from directly or indirectly possessing or using any of Plaintiffs' trade secrets, or proprietary or confidential information and forcing them to turn over devices containing any such information;

3. A judgment and order requiring Defendant to account for and pay to Plaintiffs all ill-gotten gains, profits and savings obtained or derived from their improper conduct as alleged in this complaint and proven at trial;

4. A judgment awarding Plaintiffs all actual damages as alleged in this complaint and proven at trial on the basis of Defendant's unlawful acts;

5. A judgment awarding Plaintiffs exemplary damages of double the actual damages against Defendant pursuant to California Civil Code section 3426.3(c);

6. A judgment and order awarding Plaintiffs all of its attorneys' fees and all out-of-pocket expenses incurred to investigate Defendant's underlying conduct and pursue this action under California Civil Code section 3426.4, and any other applicable statutory, contractual, or legal authority authorizing an award of attorneys' fees to the prevailing party;

7. A judgment awarding prejudgment interest at the maximum rate allowed by law;

8. A judgment and order awarding Plaintiffs all of their costs and out of pocket expenses incurred in this action; and

9. A judgment awarding such other and further relief as the Court deems just and equitable.

Dated: February 21, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
CHARLES L. KREINDLER
GREGORY P. BARBEE
KRISTA L. LANDIS

Attorneys for Edwards Lifesciences Corporation, and Edwards Lifesciences LLC