1  ROBERTS .:* ELLIOTT
   Law Corporation
2  JAMES ROBERTS, SBN 98804
3  1798 Technology Drive
   Suite 292
4  San Jose, CA 95110
   Telephone: (408) 275-9800
5  Fax: (408) 287-3782
   Email: jroberts@robertselliott.com
6  cc bmiller@robertselliott.com

7  Attorneys for Defendant
   Maximilien Launey
8

9
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
10   A Limited Liability Partnership
     Including Professional Corporations
11 CHARLES L. KREINDLER, Cal. Bar No. 119933
   ckreindler@sheppardmullin.com
12 GREGORY P. BARBEE, Cal. Bar No. 185156
   gbarbee@sheppardmullin.com
13 KRISTA L. LANDIS, Cal. Bar No. 348262
   klandis@sheppardmullin.com
14 333 South Hope Street, 43rd Floor
   Los Angeles, California 90071-1422
15 Telephone:   213.620.1780
   Facsimile:   213.620.1398
16
   Attorneys for Edwards Lifesciences Corporation
17 and Edwards Lifesciences LLC

18                    UNITED STATES DISTRICT COURT
19           CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION
20

21 | Edwards Lifesciences Corporation, a Delaware Corporation; Edwards Lifesciences LLC, a Delaware Limited Liability Company, | Case No. 8:23-cv-00304-DOC-ADS |
|---|---|
| Plaintiffs, | **STIPULATION AND PROTECTIVE ORDER- CONFIDENTIAL AND HIGHLY CONFIDENTIAL DESIGNATIONS** |
| v. | |
| Maximilien Launey, an Individual, | Complaint Filed: February 21, 2023 |
| Defendant. | |

**\*\*NOTE CHANGES MADE BY THE COURT\*\***

SMRH 4864-7555-0807.1

**IT IS HEREBY STIPULATED** by and between the Parties to *Edwards Lifesciences LLC et. al v. Maximilien Launey*, Plaintiffs Edwards Lifesciences LLC and Edwards Lifesciences Corp. ("Plaintiffs" or "Edwards") and Defendant Maximilien Launey ("Defendant" or "Launey"), by and through their respective counsel of record, that to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means the above-entitled proceeding (specify case number).

    b. "Court" means the Hon. David Carter, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

    c. "Confidential" means any information in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

    d. "Confidential Materials" means any Documents, Testimony or Information as defined below and designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

    e. The term "Highly Confidential-Attorneys' Eyes Only Materials" means any Confidential Materials that are so competitively sensitive that they could cause competitive harm to that party, or a nonparty, if disclosed to another party in this action and designated as "Highly Confidential-Attorneys' Eyes Only" pursuant to the provisions of this Stipulation and Protective Order.

    f. "Designating Person" means the Person that designates Materials as "Confidential," or "Highly Confidential-Attorneys' Eyes Only". The protections of this of this Stipulation and Order may be invoked by any Person producing information or materials in this case, whether or not a party. "Person" shall include natural persons and any type of entity.

    g. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

     h.    "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code Sections 250, 255, and 260, including data, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

     i.    "Information" means the content of Documents or Testimony.

     j.    "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

     2.    The Designating Party shall have the right to designate as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" the pages of any Documents, Testimony or Information the Designating Party in good faith believes to contain non-public information entitled to confidential treatment under applicable law. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. Mass, indiscriminate, or routinized designations are prohibited. designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

     2.    The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work-product doctrine, or other privileges, or any Party's right to contest any such assertion.

     3.    All Documents, Testimony or Materials to be designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" must be clearly so designated before the Document, Testimony or Materials are Disclosed or produced. The "Confidential" or "Highly Confidential-Attorneys' Eyes Only" designation should not obscure or interfere with the legibility of the designated Materials.

       a.    For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legends "Confidential" or "Highly Confidential-Attorneys' Eyes Only" on each page of any Document containing such so designated.

       b.    For Testimony given in depositions, the Designating Party may either:

           i.    identify on the record, before the close of the deposition, all "Confidential" or "Highly Confidential-Attorneys' Eyes Only" Testimony by specifying all portions of the Testimony that qualify as "Confidential" or "Highly Confidential-Attorneys' Eyes Only";

           ii.    designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within ten (10) days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" or "Highly Confidential-Attorneys' Eyes Only Materials" may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Highly Confidential-Attorneys' Eyes Only Materials" as instructed by the Designating Party.

       c.    For Materials produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Materials or item is stored the legend "Confidential" or "Highly Confidential-Attorneys' Eyes Only." If only portions of the Materials or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" or "Highly Confidential-Attorneys' Eyes Only" portions.

4.    Upon reasonable and timely correction efforts, the inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Materials during discovery in this Proceeding without a "Confidential" or "Highly Confidential-Attorneys' Eyes Only" designation shall be without prejudice to any claim that such item is

"Confidential" or "Highly Confidential-Attorneys' Eyes Only" and such Party shall not be held to have waived any right by such inadvertent production. In the event any Document, Testimony or Materials subject to a "Confidential" or "Highly Confidential-Attorneys' Eyes Only" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Materials designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Materials shall promptly destroy the inadvertently produced Document, Testimony or Materials and all copies thereof, or, at the expense of the producing Party, return such Document, Testimony or Materials in the Party's possession, custody or control, together with all copies of such Document, Testimony or Materials to counsel for the producing Party and shall retain only the "Confidential" or "Highly Confidential-Attorneys' Eyes Only" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Materials, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Materials protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Materials, such law shall govern.

5.  In the event that counsel for a Party receiving Documents, Testimony or Materials in discovery designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Materials to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have twenty (20) days from receipt of the written Designation Objections to either (a) agree in writing to de-

designate Documents, Testimony or Materials pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Materials addressed by the Designation Objections (the "Designation Motion"). However, counsel for a Party receiving Documents, Testimony or Materials in discovery designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" objecting to such designation with respect to any or all of such items, may at the time of making the objection to such designation, shorten the time for the Designating Party to either (a) agree in writing to de-designate Documents, Testimony or Materials pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, to five (5) days should there be pending any proceeding, hearing, motion, or trial potentially impacted by the designation.. Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Materials at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion to establish the applicability of its "Confidential" or "Highly Confidential-Attorneys' Eyes Only" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Materials shall be de-designated in accordance with the Designation Objection applicable to such material. If the Court concludes that either parties' position regarding the issues raised at such motion was clearly improper, including designation of documents or information, it may award attorneys' fees to the prevailing party.

6. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

a. the Court;

b. (1) attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party; (2) in-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel, provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such

Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

   c. Defendant and those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to Defendant and any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached as Exhibit A;

   d. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

   e. any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

   f. any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

   g. mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached as Exhibit A.

   h. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral

hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

    i.    any other person that the Designating Party agrees to in writing.

7. Access to and/or Disclosure of Confidential Materials designated as "Highly Confidential-Attorneys Eyes Only" shall be permitted only to the following persons:

    a.    the Court;

    b.    attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party;

    c.    court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

    d.    any deposition, trial or hearing witness in the Proceeding who previously has had access to the Highly Confidential-Attorneys Eyes Only Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that had access to the Highly Confidential-Attorneys Eyes Only Materials;

    e.    mock jury participants, provided, however, that prior to the Disclosure of Highly Confidential-Attorneys Eyes Only Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached as Exhibit A.

  f. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Highly Confidential-Attorneys Eyes Only Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

  g. any other person that the Designating Party agrees to in writing.

8. Notwithstanding any other provisions in this Protective Order, Confidential Materials designated as "Highly Confidential-Attorneys Eyes Only" shall only be accessed by or Disclosed to Defendant in his counsel's office, and Defendant shall agree in writing not to take any copies or photos of Confidential Materials designated as "Highly Confidential-Attorneys Eyes Only" out of his counsel's office, remove such documents out of his counsel's office or otherwise have access to them, except as provided for in Paragraph 9.

9. "Confidential Materials" or "Highly Confidential-Attorneys' Eyes Only Materials" shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

10. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

11. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

      a.    operate as an admission by any person that any particular Document, Testimony or Materials marked "Confidential" or "Highly Confidential-Attorneys' Eyes Only" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

      b.    prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

          i.    to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" under the terms of this Stipulation and Protective Order; or to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information. Nothing in this Order abridges the right of any Person to seek its modification by the Court in the future.

12.    Any Party to the Proceeding who has not executed this Stipulation and Protective Order before it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

13.    Any Materials that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

14. If any person subject to this Stipulation and Protective Order who has custody of any Confidential or Highly Confidential-Attorneys Eyes Only Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials or Highly Confidential-Attorneys' Eyes Only Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential or Highly Confidential-Attorneys Eyes Only Materials, and/or seek to obtain confidential treatment of such Confidential or Highly Confidential-Attorneys' Eyes Only Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Materials pursuant to the Subpoena prior to the date specified for production on the Subpoena.

15. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials or Highly Confidential-Attorneys' Eyes Only Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

16. If, after execution of this Stipulation and Protective Order, any Confidential Materials or Highly Confidential-Attorneys' Eyes Only Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order are Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall:.

    a. Procure and confirm the return and/or destruction of the Materials; and

    b. Notify in writing counsel for the Designating Party whose Confidential Materials or Highly Confidential-Attorneys Eyes Only Materials have thus been Disclosed of all relevant information concerning the nature and circumstances of such disclosure. Counsel's obligations related to this

paragraph are limited to Counsel's employees and others working with Counsel. Nothing contained herein shall be deemed a requirement that Defendant waive any Fifth Amendment rights that he might have.

17. Where any Confidential Materials or Highly Confidential-Attorneys' Eyes Only Materials or Information derived from Confidential Materials or Highly Confidential-Attorneys' Eyes Only Materials, are included in any motion or other proceeding governed by Local Rules 79-5.2.2, the party shall follow those rules. With respect to discovery motions or other proceedings not governed by Local Rules 79-5.2.2, the following shall apply: If Confidential Materials or Information derived from Confidential Materials or Highly Confidential-Attorneys' Eyes Only Materials are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED _____."

18. The Parties shall meet and confer regarding the procedures for use of Confidential Materials or Highly Confidential-Attorneys' Eyes Only Materials at trial and shall move the Court for entry of an appropriate order. Any Documents shown to a jury or other trier of fact must be shown without any designations on them.

19. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials or Highly Confidential-Attorneys' Eyes Only Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

20. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. ~~To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated~~.

21. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials or Highly Confidential-Attorneys' Eyes Only Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court [and one copy of each deposition together with the exhibits marked at the deposition]*), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials or Highly Confidential-Attorneys' Eyes Only Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein. *[The bracketed portion of this provision shall be subject to agreement between counsel for the Parties in each case.]

22. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials or Highly Confidential-Attorneys' Eyes Only Materials that have been produced before the Court signs this Stipulation and Protective Order.

23. The Parties and all signatories to the Certification attached as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials or Highly Confidential-Attorneys' Eyes Only Materials under the terms herein.

24. Nothing contained herein shall permit either party to proffer into evidence any Document containing a Confidential or Highly Confidential-Attorney's Eyes Only designation as provided for in this Protective Order.

This Stipulation and Protective Order may be executed in counterparts.

Dated: 3-17-, 2023

**Roberts Elliot Law Corp.**

By: _____
James Roberts
Attorney for Defendant Maximilien Launey

Dated: 3-17-, 2023

**Sheppard Mullin Richter & Hampton LLP**

By: _____
Charles Kreindler
Attorney for Plaintiffs Edwards Lifesciences LLC, Edwards Lifesciences Corp.

## ORDER

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**

Dated:     March 20, 2022

/s/ Autumn D. Spaeth
The Hon. Autumn D. Spaeth
U.S. MAGISTRATE JUDGE

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials or Highly Confidential-Attorneys' Eyes Only Materials supplied in connection with the Proceeding, *Edwards Lifesciences LLC et. al v. Maximilien Launey,* Case No. 8:23-cv-00304-DOC-ADS, I certify that I understand that the Confidential Materials or Highly Confidential-Attorneys' Eyes Only Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials Highly Confidential-Attorneys' Eyes Only Materials as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials or Highly Confidential-Attorneys' Eyes Only Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials or Highly Confidential-Attorneys' Eyes Only Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this __ day of _____, 2023, at _____.

```
DATED: _____        BY: _____
                                  Signature
                                  _____
                                  Title
                                  _____
                                  Address
                                  _____
                                  City, State, Zip
                                  _____
                                  Telephone
```